### In re WHITE STAR TOWING CO. et al.

(District Court, S. D. Georgia.    November 15, 1898.)

PRIZE PROCEEDINGS—TRANSFER OF CONDEMNED VESSEL TO ANOTHER DISTRICT FOR SALE—LIBEL FOR SALVAGE.

A vessel which, after condemnation as prize, is taken by the marshal into another district for sale, under Rev. St. § 4629, remains under the actual jurisdiction of the court wherein condemnation was had, and that court will not grant leave to a third person, who claims to have rendered salvage services to her in such other district, to libel her there to recover compensation. The remedy of the alleged salvors is either by intervention in the prize proceedings, or by direct application to the government for an allowance.

This was an application by the White Star Towing Company and others for leave to libel the prize Adula, in the Southern district of New York.

Cowen, Wing, Putnam & Burlingham, for petitioners.
Marion Erwin, U. S. Atty.

SPEER, District Judge.   The steamship Adula was duly condemned
at Savannah as lawful prize of war to the United States, by the United
States district court for the Southern district of Georgia.   She was
transferred by the marshal of the Southern district of Georgia to the
harbor of New York, for sale there, under the provisions of section
4629, Rev. St. U. S.   While lying in the harbor, in the custody of
the marshal of the Southern district of Georgia, awaiting sale, it is
averred by the applicants that the Adula was rescued by them from the
peril of a fire which consumed other shipping in the neighborhood.
They ask that this court allow them to file their libel for salvage in
the district court for the Southern district of New York, and to proceed
against the vessel in rem in that port for the satisfaction of their
claim.

It will be noted that the statute which authorizes the transfer of
prize ships to other districts for sale expressly reserves the jurisdic-
tion of the court of condemnation over the vessel.   The marshal of
the court of condemnation is directed "to transfer the property, and
keep and sell the same in like manner as if the property were in his
district; and he shall deposit the gross proceeds of the sale with
the assistant treasurer nearest to the place of sale, subject to the
order of the court in which the adjudication thereon is pending."   Rev.
St. § 4629.   The jurisdiction of the court of the Southern district of
Georgia over the vessel while in New York is therefore not only con-
structive, but actual.   The officers of the court are, under the stat-
ute, in actual control of the property, and subject as completely to
the orders and decrees of the court in the Southern district of Geor-
gia as if the property was in that district.   In this case, although the
claimants of the vessel in the prize proceedings have appealed to the
supreme court of the United States from the decree of condemnation,
no supersedeas bond has been given.   The vessel, then, to all intents
and purposes, is property of the United States government, in control
of one of its courts, and was not at the time being used as a vehicle of
commerce.   Therefore the court's possession of it is not like the pos-
session of a vessel by a receiver of the court in one district which is
sent out as a vehicle of commerce on the high seas into other juris-
dictions.   "It is well settled that no suit in rem can be maintained
against the property of the United States when it would be necessary
to take such property out of the possession of the government by any
writ or process of the court."   The Davis, 10 Wall. 15, a salvage case;
The Siren, 7 Wall. 152, a collision case.

Now, if the court should grant the application of petitioners, the
result of the order sought by the applicants, if they sustained their
salvage case, might be quite inconvenient.   The vessel attached on
process from the district court for the Southern district of New York,
and taken out of the possession of the officers of the court for the
Southern district of Georgia, would be condemned and sold under
that process, and the surplus beyond the salvage claim of the applicants
would be in a different court from that in which the prize proceed-

ings were pending. When the court for the Southern district of Georgia had determined the rights of the parties, its decree would be a nullity, because it would have nothing to operate upon, and the method provided by the statute would be disarranged for the security of the fund and its distribution. It appears, therefore, that the applicants have mistaken the route which they should travel in order to obtain the remedial relief to which they may be entitled. Their remedy is either by intervention in the proceedings in the district court for the Southern district of Georgia, or by application direct to the government at Washington for reasonable compensation for such services as may have been voluntarily rendered in the emergency to the Adula they describe in their petition.